Harriet E. Kresge, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 4, 1979, before Judges CRUMLISH, JR., BLATT and DiSALLE, sitting as a panel of three.

*Jerome L. Cohen,* for appellant.

*Elsa Newman,* Assistant Attorney General, with her *Gerald Gornish,* Acting Attorney General, for appellee.

OPINION BY JUDGE BLATT, September 18, 1979:

Harriet E. Kresge (claimant) appeals here from an order of the Unemployment Compensation Board of Review (Board) which disallowed further appeal of a referee's decision denying her claim for benefits. The denial of benefits was based upon her having been guilty of willful misconduct which rendered her ineligible under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess. P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

The claimant was employed by a nursing home as a nurse's aid, and a patient was admitted to the home who was suspected of carrying an infectious disease. The employer posted special instructions for the care of this patient, and all employees were requested to sign the instruction sheet and thereby indicate that they had read, understood and would follow the directions. The claimant, although she read the instructions, refused to sign the sheet; and, when the employer insisted that she sign the sheet or leave, she left. At the time of leaving, she expressed her belief that the prescribed manner of care was unnecessary; at the hearing before the referee she testified that she refused to sign the sheet because she was afraid that she would thereby release her employer from liability and assume personal responsibility should she become infected and spread the disease. The referee found that her refusal to sign was willful misconduct.

The direct refusal to comply with the reasonable request of an employer can, of course, constitute willful misconduct. *Troyen v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 445, 383 A.2d 975 (1978); *Borlak v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 489, 326 A.2d 659 (1974). To avoid such a conclusion, a claimant must establish good cause for the refusal,

and, in the case before us, the referee observed: "Claimant has not given a reasonable explanation of her refusal to sign the instruction sheet. . . ." Questions of credibility are for the fact-finder, *Troyen, supra,* and, inasmuch as the referee obviously did not believe the claimant's explanation and our review of the record convinces us that he had ample reason for his opinion, as did the Board for affirming it, we will affirm the order of the Board.

ORDER

AND Now, this 18th day of September, 1979, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.