Cheryl A. Ramsey, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 5, 1981, before Judges BLATT, MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Mark P. Cancilla*, for petitioner.

*William J. Kennedy*, Assistant Attorney General, with him *Elsa D. Newman-Silverstine*, Assistant Attorney General, *Richard Wagner*, Chief Counsel, and *Harvey Bartle, III*, Acting Attorney General, for respondent.

OPINION BY JUDGE BLATT, April 6, 1981:

The petitioner[1] challenges a decision by the Board[2] that she was discharged for willful misconduct and that Section 402(e) of the Unemployment Compensation Law,[3] therefore, makes her ineligible for benefits.

The petitioner, who worked at the service desk and operated a cash register for her employer,[4] was absent from work for 13 days and was tardy on 14 occasions between January and April of 1979. Her supervisor warned her about her absenteeism, but on Saturday, May 12, 1979, she again reported off as absent, claiming that she had a severe toothache. Because that day was part of a week which the employer considered to be the third-busiest week of the year, the petitioner's supervisor called her back to tell her either to report for work or to consider her services terminated. She did not report and was then discharged.

---

[1] Cheryl A. Ramsey.

[2] Unemployment Compensation Board of Review.

[3] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

[4] Hills Department Store.

Unemployment compensation benefits were denied by the Bureau (now Office) of Employment Security and, after a hearing and the taking of evidence, a referee affirmed that determination. Upon appeal, the Board upheld the referee's denial of benefits on the ground that the petitioner's absence on a busy day without good cause and after warnings regarding her past absenteeism amounted to willful misconduct.

We recognize, of course, that an absence from work due to an illness that is reported to an employer in the correct manner does not constitute willful misconduct, *Unemployment Compensation Board of Review v. Kells*, 22 Pa. Commonwealth Ct. 479, 349 A.2d 511 (1975), and also that an employee who is ill may justifiably refuse an employer's demand to report to work despite his or her condition. *Kindrew v. Unemployment Compensation Board of Review*, 37 Pa. Commonwealth Ct. 9, 388 A.2d 801 (1978). It was the petitioner's burden, however, to prove that good cause existed for her absence and/or for her refusal to accede to her employer's demand. *Morysville v. Unemployment Compensation Board of Review*, 54 Pa. Commonwealth Ct. 6, 419 A.2d 238 (1980). Our examination of the record reveals no capricious disregard of competent evidence[5] on the part of the Board and no substantiation of the existence of the petitioner's alleged toothache.[6] She had a history of absenteeism

---

[5] When the party with the burden of proof has not prevailed below, our scope of review is limited to determining whether or not the findings of fact are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence. *Lake v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 138, 409 A.2d 126 (1979).

[6] The Board's function as the ultimate factfinder gave it sole discretion in determining that the petitioner's testimony as to her toothache was incredible, *Kresge v. Unemployment Compensation Board of Review*, 46 Pa. Commonwealth Ct. 78, 405 A.2d 1123

about which she had been warned. Nevertheless, on the day in question, when her employer was particularly busy, she refused her employer's demand to come to work and yet she has not proved that she had good cause for that refusal. We must agree with the Board that such behavior constitutes willful misconduct. *See Kindrew v. Unemployment Compensation Board of Review, supra.*

ORDER

AND, Now, this 6th day of April, 1981, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

This decision was reached prior to the expiration of the term of office of Judge WILKINSON, JR.

---

(1979), especially in light of her admission that on a prior occasion she had reported off due to a toothache and later admitted that she actually had attended a party.

