Lonnie P. Blose, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs June 10, 1982, to President Judge CRUMLISH and Judges ROGERS and MACPHAIL, sitting as a panel of three.

320

*Bradford E. Landon,* for petitioner.

*Francine Ostrovsky,* Associate Counsel, with her *Frayda Kamber,* Associate Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, August 13, 1982:

This is an appeal of Lonnie P. Blose (claimant) from an order of the Unemployment Compensation Board of Review (Board) denying benefits to the claimant on the ground that he was discharged for willful misconduct and was therefore ineligible for unemployment compensation benefits under Section 402(e) of the Unemployment Compensation Law (Law).[1] The decision of the Board reversed a referee's award of benefits. We affirm the Board.

The claimant was employed as a clerk at a Seven-Eleven convenience store. He was discharged by the store's owner, Samuel Claypoole (employer) for permitting a friend who was not an employee to assist him behind the counter of the store.

The referee grounded his award on the asserted failure of the employer to establish that the claimant's discharge was for willful misconduct. The Board reversed the referee, based on the finding that the claimant had permitted a friend to assist him

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

behind the store counter monitoring self-service gasoline sales after and in spite of having been told by the employer to discontinue this practice, acts of willful misconduct rendering him ineligible for benefits.

The claimant contends that the Board erred in holding that the employer had carried his burden of proving willful misconduct. The claimant testified to the effect that it was only suggested, not directed, by his employer that he not allow his friend behind the counter. The claimant's friend also testified that on those occasions when the employer encountered him at the store, the employer was always cordial and never indicated any displeasure at his (the friend's) presence. The employer, however, testified:

AE: . . . In the meantime the night shift employee . . . informed me that Mr. Blose had [his friend] working behind the counter.

QEL: Is he an employee of yours?

AE: No.

QEL: Did you see [his friend] behind the counter?

AE: No at that occasion. He said [his friend] was helping him with the gas. I said I didn't want it to happen. I saw him the second time. The third time I pulled up ranks and I discharged him.

QEL: There was a third time [his friend] was behind the counter.

AE: Yes.

QEL: Was he waiting on customers?

AE: Taking care of gas, it is self-service. [His friend] was helping Lonnie to set up our gas customers behind out [sic] counter.

QEL: Mr. Claypoole, you saw [his friend] behind the counter without your permission?

AE: Yes.

QEL: Mr. Blose disobeyed your request not to do that?

AE: Right.

Hence, the Board's finding that the claimant disobeyed a direct order of his employer is supported by the record.

The claimant additionally argues that he should not be disqualified from receipt of benefits because the employer had no written rule prohibiting the practice in question, never warned him it could result in his discharge and on occasion tolerated the presence of other non-employees behind the counter.[2] These considerations provided no defense to a clear violation of a direct order. The employer's instruction was reasonable[3] and the claimant's failure to comply with it was willful misconduct unless the employee's actions were justifiable and reasonable under the circumstances. *Kresge v. Unemployment Compensation Board of Review*, 46 Pa. Commonwealth Ct. 78, 405 A.2d 1123 (1979).

The claimant finally says that he had been given discretion in running the store and that his conduct was reasonable and indeed in his employer's best interest. The specific instruction to the contrary, however removed the offending act from the scope of his discretion.

ORDER

AND Now, this 13th day of August, 1982, the decision and order of the Unemployment Compensation Board of Review, No. B-193074, dated April 4, 1981, is hereby affirmed.

---

[2] The employer specifically denied ever permitting non-employees, other than his wife, to go behind the counter.

[3] The principal reason given by the employer for the instruction was that his insurance coverage would not extend to a non-employee.

## Amended Order

And Now, this 7th day of September, 1982, the order of this Court entered August 13, 1982, is hereby amended to read as follows:

And Now, this 13th day of August, 1982, the decision and order of the Unemployment Compensation Board of Review, No. B-194074, dated April 3, 1981, is hereby affirmed.