James Porter, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*David L. Hill,* with him *Richard W. Shaffer,* for petitioner.

*Joel G. Cavicchia,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, September 10, 1982:

This is the appeal of James Porter (Claimant) from an order of the Unemployment Compensation Board of Review (Board) affirming the referee's decision which denied unemployment compensation benefits to the Claimant on the ground that he was discharged for willful misconduct and therefore ineligible to receive benefits under Section 402(e) of the Unemployment Compensation Law (Law).[1] We reverse and remand.

The facts of this case are not in dispute. Claimant was a truck driver for Samuel Zukerman and Company (Employer). Employer conducts routine investigations of its employees during the course of their employment. During one of these investigations Claimant was observed picking up and discharging an unauthorized female passenger during the performance of his duties. Claimant admits that he did pick up the unauthorized passenger and that he was aware of the Employer's rule prohibiting unauthorized passengers in company vehicles without Employer's permission, but contends that he had good cause for violating the Employer's rule.

Claimant testified that the woman said she had just been thrown out of her boyfriend's car and that she was in fear for her personal safety. She asked Claimant to take her to a restaurant about 11 minut̤ away and on Claimant's route to Ocean City, N⁁ ⁖ Jersey. Claimant contends that he truly believed᷁ ⁖᷁ᶴ

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2⁝⁖ ⁑ *as amended,* 43 P.S. §802(e).

woman needed assistance and that, in his judgment, this was an emergency situation. In support of his actions he offered into evidence the regulations of the Federal Highway Administration, 49 C.F.R. §392.60 (b) which permit drivers to transport unauthorized passengers in the event of an accident "or other emergency."

Employer urges that the incident occurred in a populous, busy thoroughfare where it would have been possible for Claimant to seek alternatives to violating the Employer's rule, if, indeed, this was an emergency.

It is well settled that a deliberate refusal to comply with an employer's rule ordinarily constitutes willful misconduct. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1972). A violation of an employer's rule, however, is not willful misconduct if the evidence shows that the Claimant's action was justifiable and reasonable in light of all circumstances involved, and thus was taken with good cause. Our case law is that the violation of an employer's rule does not constitute willful misconduct if the employee's action is justifiable or reasonable under the circumstances. *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976). The proof of good cause is, of course, the burden of the Claimant.

In the instant appeal, the Board found that Claimant knowingly violated his Employer's rule and concluded that Claimant was guilty of willful misconduct; accordingly, the Board declared Claimant to be ineligible for unemployment compensation benefits.

Neither the referee nor the Board, however, made ␣␣ ᴀy findings concerning the issue of good cause. Where the issue of good cause is raised, a separate ␣␣␣ding is required. *Teasley v. Unemployment Com-*

*pensation Board of Review,* 60 Pa. Commonwealth Ct. 420, 431 A.2d 1155 (1981). The evidence on this issue in the instant case was conflicting. Without a resolution of this conflict by the fact finder, this Court cannot properly perform its appellate function.[2]

### ORDER

It is ordered that the order of the Unemployment Compensation Board of Review numbered B-194351 and dated April 13, 1981, denying benefits to James Porter, is hereby reversed and the record is remanded to the Board for a finding and decision consistent with the foregoing opinion.

---

[2] The question of whether or not Claimant has established good cause is one of law and, therefore, subject to our review. *Gwin v. Unemployment Compensation Board of Review,* 58 Pa. Commonwealth Ct. 69, 427 A.2d 295 (1981).