Debra Ann Albertson, Petitioner *v.* Commonweath of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 13, 1982, to President Judge CRUMLISH, JR. and Judges BLATT and MACPHAIL, sitting as a panel of three.

*David A. Scholl,* for petitioner.

*William J. Kennedy,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, October 18, 1982:

Debra Ann Albertson (Claimant) has appealed from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's denial of unemployment compensation benefits pursuant to the willful misconduct provisions of the Unemployment Compensation Law (Law).[1]

The findings of the Board, which are supported by substantial record evidence, establish that Claimant was last employed by Classic Photo (Employer) as an assistant route supervisor. Her employment was terminated on December 19, 1980 as a result of her failure to make a required stop to service an account along her route. This omission was in violation of an Employer rule which provided for dismissal should any stops be skipped. Claimant's application for unemployment compensation benefits was denied by the Office of Employment Security and, following a hearing, by a referee and the Board. Each of the decisions

---

[1] Section 402(e) of the Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

was based upon a finding that Claimant's conduct constituted willful misconduct within the meaning of Section 402(e) of the Law, 43 P.S. §802(e).

On appeal, Claimant argues that her admitted violation of the pertinent rule was not deliberate, that a single violation of the rule does not rise to the level of willful misconduct and that Claimant had good cause for the violation. We find each of these arguments to be without merit.

The burden is on the employer to prove willful misconduct and where, as here, a violation of an employer's rule is involved, the employer must prove both the existence of the rule and the fact of its violation. *Doyle v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 494, 426 A.2d 756 (1981) and *Holomshek v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 503, 395 A.2d 708 (1979). If the employee then attempts to justify the violation, he has the burden of establishing good cause. *Partsch v. Unemployment Compensation Board of Review,* 64 Pa. Commonwealth Ct. 293, 439 A.2d 1331 (1982).

In the instant case, the Claimant admits the existence of the pertinent rule and the fact of its violation. She argues, however, that her violation was not deliberate. It is true that an inadvertent violation of an employer's rule does not necessarily constitute willful misconduct. *Morysville B. Works, Inc. v. Unemployment Compensation Board of Review,* 54 Pa. Commonwealth Ct. 6, 419 A.2d 238 (1980). The Board found, however, that:

6. The claimant missed a stop on December 19, 1980 because she was "day dreaming."

7. Even though the claimant subsequently realized that she missed the stop, she took it upon herself without employer authorization to proceed instead of going back to this customer.

Since these findings are supported by substantial evidence, they are binding on appeal. *Morysville.*[2] We think a deliberate violation of the rule has clearly been established. Moreover, we conclude that this is a case where a single violation of a rule could constitute willful misconduct. *See Lipfert v. Unemployment Compensation Board of Review,* 46 Pa. Commonwealth Ct. 206, 406 A.2d 251 (1979).[3] We must similarly reject Claimant's argument that she had good cause for the violation and that the rule was, therefore, unreasonably applied under the circumstances of this case. Our review of the record reveals no error[4] in the Board's conclusion that Claimant's rule violation lacked reasonable justification.

Order affirmed.

ORDER

It is ordered that the order of the Unemployment Compensation Board of Review, Decision No. B-197618, dated July 27, 1981, is hereby affirmed.

---

[2] We think a deliberate violation has been established by virtue of the fact that Claimant realized *during her route* that she had missed the stop, but nevertheless decided to proceed without attempting to rectify her mistake. Employer learned of the omission when its customer telephoned on December 19 to complain that its order had not been picked up. Claimant admitted that she had missed the stop when she returned from her route later that day.

[3] Claimant argues that her benefits may be denied only if her violation of December 19 constituted willful misconduct in and of itself. We note, however, that the record supports the Board's findings that Claimant also missed a stop on December 16, 1980, apparently due to bad weather, and that she received a warning that another violation would result in her dismissal. Even accepting Claimant's assertion that the incident on December 16 was with good cause, we believe her actions on December 19 were sufficiently serious to constitute willful misconduct.

[4] The issue of whether or not good cause has been established is one of law and, therefore, is subject to our review. *Partsch.*