Douglas G. Ziegler, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

44

Submitted on briefs September 13, 1982, to Judges ROGERS, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Michael Goldberg,* for petitioner.

*Richard Lenger,* Law Student Intern, with him *Michael Klein,* and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, November 16, 1982:

The claimant[1] in this unemployment compensation case has appealed from a decision by the Unemployment Compensation Board denying him benefits on the ground that his unemployment was the result of willful misconduct in being absent from work on April 25, 28 and 29, 1980 without notifying his employer.

The claimant was employed as a tractor trailer driver trainee for about four months before his employer discharged him. In response to the Office of

---

[1] Douglas G. Ziegler.

Employment Security's questions concerning the reason for the claimant's discharge, the employer reported that the claimant's work and attitude were unsatisfactory and that he came to work late most of the time.

At the referee's hearing, the claimant was represented by counsel and his employer was not. The employer testified that the claimant ran over curbs, forced other vehicles into gutters and on one occasion when the employer was driving, fell asleep. On the subject of lateness, the employer testified that the claimant was not on time for work more than six times during the four months of employment.

The claimant was discharged on April 30, 1980, when he returned after being absent April 25, 28 and 29 because of an injury at work. In the course of the employer's testimony as to this event, the employer in response to a question of the referee said that the claimant had not reported his absence on the three days previous to his discharge; that such reports, if made, would be received and logged by his secretary; and that the secretary had not reported any such calls to him. Neither the secretary, nor her log was at the hearing. The claimant testified that he did the best he could at work, that he reported absences on April 25, 28 and 29 but admitted that he had been tardy on a number of occasions.

The referee decided that the claimant was disqualified not for either of the reasons given by the employer to the Office of Employment Security—incompetency and persistent tardiness—but for the claimant's failure to report his absences on April 25, 28 and 29.

The claimant contends that he cannot be disqualified for not reporting his absences on the three days in question because the only evidence that he failed to report was incompetent as hearsay. We agree.

The employer testified that his secretary took absence calls, that she kept a log and that she did not tell him, the employer, that the claimant called. This of course is not proof that the claimant did not call the secretary. The Board's finding on this evidence that the claimant did not notify his *employer* of his absence is not only disingenuous, it constitutes a capricious disregard of the only evidence on the point of whether the claimant, in accordance with protocol, notified the secretary of his absences, that being the claimant's testimony that he did.

The claimant contends that his history as a tractor trailer trainee did not prove more than that he was an unsatisfactory employee and therefore did not support a conclusion that he was guilty of willful misconduct. The employer's testimony concerning the claimant's bad driving included a possible explanation—that the claimant lacked coordination. But the employer also testified that the claimant fell asleep when he should have been observing the employer's driving of the tractor trailer. As noted, the claimant said he did the best he could. The issue was, therefore, that of whether the claimant was a conscientious employee whose inexperience and lack of coordination rendered him unable to perform the duties of his employment, in which case he would be eligible for benefits, or whether he was an employee who was consciously indifferent to, or recklessly disregardful of, his duties to his employer, in which case he would be ineligible. This issue was never decided by the unemployment compensation authorities. *See Gagliardi Compensation Case,* 186 Pa. Superior Ct. 142, 141 A.2d 410 (1958).

Passing to tardiness—the employer testified that in the four months of his employment, the claimant was not on time for work six times and that he had warned the claimant that he was on "thin ice" for

this and other things. The claimant admitted that he was tardy on several occasions when his car broke down and that he overslept at times when he had been working late. Was the claimant guilty of willful misconduct? This issue also was not decided.

We therefore reverse the order denying benefits for failure of the claimant to report absences as unsupported by competent evidence; and remand the case for findings and decisions with respect to the grounds for disqualification advanced by the employer from the outset—the claimant's asserted conscious indifference or reckless disregard of his duties and the claimant's asserted persistent tardiness.

ORDER

AND Now, this 16th day of November, 1982, the order of the Unemployment Compensation Board of Review in the above matter is reversed and the record is remanded for further proceedings consistent with this opinion.