Kathy Hubbard, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 18, 1982, to Judges ROGERS, MACPHAIL and DOYLE, sitting as a panel of three.

*Andrew F. Erba,* for petitioner.

*Charles G. Hasson,* Assistant Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, February 24, 1983:

Kathy Hubbard (Claimant) appeals here from a decision of the Unemployment Compensation Board of Review (Board) denying her benefits on the basis of willful misconduct.

The Office of Employment Security (Office) in its Notice of Determination denied benefits to the Claimant on the basis that she voluntarily terminated her employment without cause of necessitous and compelling nature.[1] Claimant appealed the Office's determination and the referee scheduled a hearing on Claimant's Petition for Appeal. Neither of the parties were present at the hearing; however, based solely on the records before her, the referee affirmed but modified the Office's determination denying benefits on the

---

[1] Section 402(b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

basis that Claimant's conduct constituted willful misconduct,[2] as opposed to denying benefits, as the Office did, on the ground of voluntary termination without cause of necessitous and compelling nature. Claimant filed a further appeal from the referee's determination whereupon the Board ordered a remand hearing. At that hearing, both sides presented testimony. The Board adopted the findings and affirmed the referee's original decision made prior to the remand hearing holding Claimant ineligible for unemployment compensation benefits on the basis of willful misconduct.

The following findings were those adopted by the Board:[3]

1. Claimant was last employed by Provident Bank on June 23, 1980 as a proof operator earning $3.17 per week.[4]

2. During the period the Claimant worked in the above employment, she was excessively absent and tardy for which she had received warnings and [sic] placed on probation.

---

[2] Section 402(e) of the Law, 43 P.S. §802(e) provides, in pertinent part, as follows:

> An employe shall be ineligible for compensation for any week—
>
> . . . .
>
> (e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . .

Where, as here, a claimant technically resigns in order to avoid imminent discharge, the Board may properly treat the case as if it were a discharge for willful misconduct. *Philadelphia Parent Child Center, Inc. v. Unemployment Compensation Board of Review*, 44 Pa. Commonwealth Ct. 452, 403 A.2d 1362 (1979).

[3] We note that the Board adopted findings made by the referee which were based solely on the following documents: Claimant's record card; the request for separation information form; employer's response; and Claimant's statement.

[4] The record reveals that Claimant made $3.17 per hour, not per week. The Board erred in its misstatement of wages in this finding.

3. When Claimant's attendance record failed to reflect any improvement, she was given the option to resign or be fired.

4. Claimant voluntarily terminated her employment in lieu of discharge.

Our review of the record at the referee's hearing indicates that Claimant on May 5, 1980 was placed on two month's probation for lateness and attendance. The notification of probation from the employer[5] to Claimant included a statement that "future excessive lateness and/or absenteeism within one year will be grounds for immediate termination with no additional probationary period." Between May 6 and June 23, Claimant was absent on three occasions and late twice.[6] The employer's representative testified categorically that the reason for termination was *absenteeism*.

Under its rules, the only excuse for absence the employer would consider justifiable during this probationary period was hospitalization. Employer admitted that one of the three absences following May 6 was hospitalization for six days. That absence, accordingly, was excused. Claimant testified that the other two absences were due to illness requiring her to remain at home and that this fact was reported to the employer. The employer rejected this excuse because there was no hospitalization.

It is well settled that an employer may dismiss an employee for violation of its rules and regulations but

---

[5] The Provident National Bank.

[6] Claimant contends that she was tardy on the two occasions in question due to transportation difficulties. This Court has stated that if a claimant was late because of a series of transportation problems beyond his control, he could not be held guilty of willful misconduct for being late and unemployment compensation benefits could not be denied on that ground. *Spicer v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 272, 407 A.2d 929 (1979).

it is for the Board in the first instance and this Court on appeal to determine whether the violation is disqualifying willful misconduct barring Claimant's right to unemployment compensation benefits. In the instant case, it is obvious that Claimant has raised the issue of just cause to excuse her absences. Absence due to illness is not willful misconduct if properly reported and reasonable. *Green v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 231, 433 A.2d 587 (1981). When the issue of good cause has been raised, it must be addressed by the Board before a finding of willful misconduct can be made. *Gwin v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 69, 427 A.2d 295 (1981). Where a separate finding relating to the issue of good cause is not present this Court will remand for further proceedings. *Porter v. Unemployment Compensation Board of Review*, 68 Pa. Commonwealth Ct. 639, 450 A.2d 243 (1982).

As we have noted, the referee's findings and decision as adopted by the Board reflect none of the testimony at the remand hearing. The Board's finding from records only that Claimant's excessive absences and tardiness constituted willful misconduct without a concurrent finding with respect to Claimant's justification for such excessive absenteeism and tardiness is inadequate for us to perform our appellate review. Since the Board has failed in its fact finding duties, we will remand for further proceedings. *Rochester Machine Corp. v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 327, 431 A.2d 1109 (1981).

## Order

It is ordered that the order of the Unemployment Compensation Board of Review numbered B-193981 and dated April 2, 1981, is vacated and the case is re-

manded to the Board for findings and a decision consistent with the foregoing opinion. Jurisdiction relinquished.