522 A.2d 189

Raymond Hudson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs December 11, 1986, to Judges MacPhail and Barry, and Senior Judge Barbieri, sitting as a panel of three.

*Andrew F. Erba,* for petitioner.

*Daniel T. Booth,* Legal Intern, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, March 13, 1987:

Claimant Raymond Hudson appeals an order of the Unemployment Compensation Board of Review (Board) denying him benefits under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Session, P.L. (1937) 2897, *as amended,* 43 P.S. §802(e) (willful misconduct). We vacate and remand.

Claimant was employed as a drill operator for approximately ten years before his discharge on April 24, 1984. On that date, he was observed operating his machine with only one hand and was instructed to work with both hands. As found by the referee, "Claimant refused to operate his machine with two hands, became up-set [sic] and picked up a stool and tossed it on the floor, kicked the off button at the bottom of the machine and at the same time made threats of bodily harm."[1] He was discharged for insubordination and for violence, which were violations of employment rules.

Unemployment benefits were denied by the Office of Employment Security and, on appeal, the referee found that Claimant was discharged for willful miscon-

---

[1] Referee's Finding of Fact 5.

duct and therefore ineligible for benefits under Section 402(e). The Board affirmed the denial of benefits, and Claimant's petition for review of this order is now before our Court.

We reject Claimant's initial contention that the referee failed to assist him in presenting his case, as required by 34 Pa. Code §101.21. Specifically, he argues that he should have been advised to object to hearsay evidence presented by the employer and that the referee was required to inform him that his own testimony could corroborate the employer's hearsay and that he could refuse to testify.

The record indicates that the referee satisfied the requirements of our decision in *Katz v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 427, 430 A.2d 354 (1981), and advised Claimant of his right to counsel, to cross-examine adverse witnesses and to present witnesses in his own behalf. The referee is not required to advise a claimant on specific evidentiary questions or points of law, *Rohrbach v. Unemployment Compensation Board of Review*, 69 Pa. Commonwealth Ct. 172, 450 A.2d 323 (1982), and is not required to advise a claimant not to assist the employer in meeting its burden of proof by corroborating the employer's otherwise incompetent evidence. *See Vann v. Unemployment Compensation Board of Review*, 508 Pa. 139, 494 A.2d 1081 (1985).

We also reject Claimant's argument that his behavior did not rise to the level of willful misconduct. The employer bears the burden of proving willful misconduct, and if a violation of an employment rule is involved, the employer must prove both the existence of the rule and the fact of its violation. *Albertson v. Unemployment Compensation Board of Review*, 69 Pa. Commonwealth Ct. 394, 452 A.2d 275 (1982). There is no question that a deliberate violation of an employer's

rule, as well as a disregard of the standards of behavior an employer can rightfully expect from an employee, is willful misconduct. *See Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973).

Claimant's employer testified that Claimant was discharged for violating certain company rules, of which Claimant admits being aware.[2] These rules included: Rule 1—Any willful act which might endanger the safety or life of others; Rule 6a—Insubordination; and Rule 8—Acts of Violence. The record supports the referee's finding that Claimant committed the violative acts. Claimant admits that he tossed his chair, kicked his machine, and stated that he was going to kill somebody,[3] and this testimony corroborates the Employer's hearsay evidence to the same effect. We, therefore, conclude that Claimant's behavior did rise to a level of willful misconduct.

Finally, Claimant argues that even if his behavior on the day of his discharge was willful misconduct, he had good cause for acting as he did. Claimant, of course, bears the burden of proving any justification for willful misconduct. *Albertson.*

According to Claimant, he suffered from a nervous condition and depression causing stress. This, in turn, caused him to react as he did when his supervisor yelled at him to put both hands on the machine.[4] He said he had been undergoing marriage counseling for two years. In support of that fact, he offered a written

---

[2] Notes of Testimony (N.T.) from June 11, 1984 at 3.

[3] N.T. at 8.

[4] Claimant also testified that the reason he was sitting was because his legs were injured in an automobile accident. He said when he sat down, he had to brace himself with one hand and use the other to operate the machine.

statement from a counselor at a mental health clinic dated May 29, 1984. That statement indicated that Claimant had been seeing the counselor once a week. Claimant also offered into evidence a statement from a psychiatrist indicating that he received treatment on May 7, 1984. The diagnosis on the physician's statement is illegible but it does say that Claimant's illness would prevent the patient from working three days or more and that the prognosis was that he would be disabled for six months. Neither the referee nor the Board addressed the issue of good cause. We think there is sufficient evidence in the record to require a finding on this issue. Where such a finding is not made, the Court will remand for further proceedings. *Krentsel v. Unemployment Compensation Board of Review,* 80 Pa. Commonwealth Ct. 307, 471 A.2d 178 (1984).

### ORDER

The order of the Unemployment Compensation Board of Review is hereby vacated and the matter is remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.