533 A.2d 1144

James Lyons, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs March 4, 1987, to Judges MAC-PHAIL and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Peter V. Marks, Sr.,* with him, *Basil L. Merenda, Meranze & Katz,* for petitioner.

*Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE NARICK, December 3, 1987:

James Lyons (Claimant) has appealed from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision denying him unemployment compensation benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We reverse.

Claimant was employed by Sterling Supply (Employer) as a warehouse person. He was discharged for failing to report an absence from work between September 23 and October 4, 1985. At the referee's hearing, Claimant and Employer's office manager appeared, both unrepresented by counsel. Claimant testified that his absence was due to illness, and that he had called his Employer on the first day he was absent and left a message with the telephone operator. The office manager testified that Employer's policy was that an employee must report an absence to his immediate supervisor within three days of the absence and that Claimant had not called to report his absence.

The Board, which entered its own Findings of Fact and Conclusions of Law, determined that the Employer had a rule for reporting absences, that Claimant was aware that he had to report an absence, and that Claimant had not reported the absence in question. On appeal, Claimant argues that these findings are not supported by substantial competent evidence, which, under *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986) would be grounds for this Court to reverse the decision of the Board.

The parties agree with the general rule that it is an employer's burden to prove that a claimant has been guilty of willful misconduct so as to preclude unemployment compensation benefits. *Albertson v. Unemployment Compensation Board of Review*, 69 Pa. Commonwealth Ct. 394, 452 A.2d 275 (1982). Further, it is undisputed that absences alone, while they may be grounds for discharge, do not constitute willful misconduct. *Vargas v. Unemployment Compensation Board of Review*, 87 Pa. Commonwealth Ct. 158, 486 A.2d 1050 (1985). However, willful misconduct may be established where an employer proves that it has a company policy with respect to reporting absences, and that the employee was aware of that policy and failed to comply with it. *Yerger v. Unemployment Compensation Board of Review*, 73 Pa. Commonwealth Ct. 278, 457 A.2d 1333 (1983).

Claimant disputes two of the Board's findings. He contends that the finding that he was aware of the Employer's policy was not supported by substantial evidence. Further, he argues that the Employer's testimony with respect to his failure to report his absence was entirely based upon hearsay and, as such, may not form the basis for the Board's finding. From our review of the brief record of the testimony before the referee, we must agree with both of these contentions.

Even giving the Employer the benefit of all reasonable inferences from the testimony, *see e.g., Taylor v. Unemployment Comnpensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977), we must conclude that there was no evidence to support the Board's conclusion that Claimant was aware of a specific policy for reporting absences. Claimant himself denied such awareness. While the Board as fact-finder was certainly entitled to reject Claimant's testimony as not credible, *see e.g., Schlernitzer v. Unemployment Compensation Board of Review*, 54 Pa. Commonwealth Ct. 276, 420 A.2d 1358 (1980), there was a complete failure by the Employer to demonstrate that Claimant had been informed in any way of the policy. Thus, the Board's finding to that effect was not based upon substantial evidence.

The Employer's failure was compounded by the fact that its witness, in stating that Claimant had not reported his absence, was not speaking from first-hand knowledge. Contradicting Claimant's testimony that he had called Employer's telephone operator to report off, the office manager testified that neither the operator nor Claimant's supervisor had spoken to Claimant. This testimony was obviously hearsay. While Claimant did not object to the testimony, it could only serve as the basis for the Board's finding that Claimant did not report his absence had it been corroborated by other, competent evidence. *Ziegler v. Unemployment Compensation Board of Review*, 70 Pa. Commonwealth Ct. 43, 452 A.2d 1111 (1982); *Ellis v. Unemployment Compensation Board of Review*, 56 Pa. Commonwealth Ct. 628, 425 A.2d 496 (1981). There is no corroborating evidence in the record before us, and, accordingly, the Board's finding on this point will not stand.

Because the remaining findings by the Board do not establish willful misconduct as a matter of law, we reverse its order and remand for computation of benefits.

## ORDER

AND NOW, this 3rd day of December, 1987, the Order of the Unemployment Compensation Board of Review, dated January 29, 1986, is reversed.