# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Peter Xianhua Zhang,         :
           Petitioner     :
                        :
          v.            :   No. 182 C.D. 2019
                        :   Submitted: June 28, 2019
Unemployment Compensation    :
Board of Review,            :
            Respondent   :

BEFORE:    **HONORABLE MARY HANNAH LEAVITT,** President Judge
              **HONORABLE RENÉE COHN JUBELIRER,** Judge
              **HONORABLE CHRISTINE FIZZANO CANNON,** Judge

<u>**OPINION NOT REPORTED**</u>

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**           **FILED: August 13, 2019**

Peter Xianhua Zhang (Claimant), pro se, petitions for review of an Order of the Unemployment Compensation (UC) Board of Review (Board), which affirmed a decision by a Referee who found Claimant was discharged for willful misconduct and, thus, was ineligible for UC benefits under Section 402(e) of the UC Law.[1] Upon review of the record, we affirm.

Claimant worked as a full-time database administrator 3 for Donnelley Financial Solutions (Employer). After being terminated from his employment on June 15, 2018, for working from home when Claimant was specifically directed to report to Employer's office location to work, Claimant filed an application for UC

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e).

benefits. A UC Service Center initially found Claimant not ineligible for benefits, concluding he had good cause for not reporting for work. Employer appealed, and a hearing was held before the Referee.

At the hearing, the Director of Human Resources testified for Employer, and Claimant, participating by telephone, testified on his own behalf. Following the hearing, the Referee issued a decision reversing the Service Center's determination. It concluded Claimant was ineligible for UC benefits under Section 402(e) of the UC Law. Specifically, the Referee found as follows. Employer allowed Claimant to work two days from home and three days at Employer's office location; Claimant requested to work more than two days at home. (Referee Decision, Findings of Fact (FOF) ¶¶ 2-3.) Claimant had been verbally warned by his supervisor previously about reporting to the office location when scheduled to do so. (*Id.* ¶ 4.) In March 2018, Claimant was provided paperwork under the Americans with Disabilities Act of 1990[2] (ADA) and the Family and Medical Leave Act[3] (FMLA) to be filled out and returned to Employer to support a request by Claimant to work more from home. (*Id.* ¶ 5.) Claimant did not provide completed ADA or FMLA paperwork to Employer. (*Id.* ¶ 6.) Claimant was scheduled to work at the office on June 12, 2018, but failed to report. Employer issued Claimant a verbal and written warning for not reporting to the work location as instructed. (*Id.* ¶ 9.) Claimant's supervisor instructed Claimant to work at Employer's office location on June 14 and June 15, 2018, starting around 9:30 a.m. (*Id.* ¶¶ 10-11.) Claimant did not report to Employer's office location on June 14 or June 15, 2018, stating that this was an unfair request. (*Id.* ¶ 12.) On June 15, 2018, Claimant was discharged from his

_____

[2] 42 U.S.C. §§ 12101–12213.
[3] 29 U.S.C. §§ 2601–2654.

employment due to his refusal to report to Employer's office location after receiving several warnings about refusing to report to work. (*Id.* ¶ 13.)

Based upon the above findings of fact, the Referee concluded Claimant's failure to report to work as directed constituted willful misconduct and Claimant "failed to provide good cause for his failure to comply with the [E]mployer's reasonable request." (Referee Decision at 3.) After failing to report to work in the office as scheduled on June 12, 2018, the Referee concluded Employer had the right to request Claimant to be present in the office on June 14 and June 15, 2018. Without providing medical evidence to justify his absence, and failing to communicate with Employer about medical reasons for this absence, the Referee concluded Claimant did not provide good cause for his response to Employer's request that he work in the office. Therefore, the Referee concluded that Employer proved the request to work at the office was reasonable, and Claimant's failure to report to work "was contrary to the standards of behavior which . . . [E]mployer has the right to expect." (*Id.*) Accordingly, the Referee denied Claimant benefits under Section 402(e) of the UC Law.

Claimant appealed to the Board, which affirmed, adopting and incorporating the Referee's findings and conclusions as its own.[4] The Board concluded that because Claimant failed to report to work at the office, after being warned, Claimant's actions demonstrated willful misconduct. (Board Order.) Further, the Board stated Claimant did not provide medical reasons to demonstrate good cause for his absence. Claimant sought reconsideration of the Board's Order, which the Board denied. Claimant now petitions for review of the Board's Order.

---

[4] The Board adopted and incorporated the Referee's findings and conclusions with the exception of correcting a minor typographical error in one finding.

3

On appeal,[5] Claimant argues he was following a company policy on June 15, 2018, that permitted employees to work from home if they were on call or had worked late the previous day. Claimant explains that on June 14, 2018, he stayed up working until 11:30 p.m. Because he believes company policy allowed him to do so, Claimant did not report to Employer's office location on June 15, 2018, in order to catch up on his rest. He also contends he is being treated unfairly and differently from other employees. For example, when Claimant sent his supervisor an email about time off on June 12, 2018, Claimant believes this was sufficient to constitute approval by his supervisor, although his supervisor disagreed. Claimant states this is an instance of unfair treatment by his supervisor because other employees seem to have flexible schedules. Claimant also argues he needs to work from home due to his age, health, and his 40-mile commute to work. In addition, Claimant argues that while he did not report to Employer's office location on June 14 and 15, 2018, he completed his work from home, thus he denies his actions constituted willful misconduct because no work was missed. He further argues the "merely negligent act of working from home just one day or two days by no means reaches the level of willful misconduct." (Claimant's Brief at 14.)

---

[5] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Johns v. Unemployment Comp. Bd. of Review*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014). Substantial evidence is "relevant evidence upon which a reasonable mind could base a conclusion." *Henderson v. Unemployment Comp. Bd. of Review*, 77 A.3d 699, 718 (Pa. Cmwlth. 2013). "In determining whether there is substantial evidence to support the Board's findings, this Court must examine the testimony in the light most favorable to the prevailing party, giving that party the benefit of any inferences that can logically and reasonably be drawn from the evidence." *Id.* "It is irrelevant whether the record contains evidence to support findings other than those made by the fact-finder; the critical inquiry is whether there is evidence to support the findings actually made." *Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008).

The Board responds that Employer's request for Claimant to report to Employer's office location on June 14 and June 15, 2018, was reasonable. First, the Board argues, Claimant was scheduled to work from home on Mondays and Wednesdays **only**. Therefore, a request to have Claimant work in office on Thursday, June 14, 2018, and Friday, June 15, 2018, is reasonable. Claimant undisputedly failed to report to the office location on those dates. Second, the Board argues Employer has a right to dictate when and where an employee reports to work. The Board further argues that the policy Claimant alleges exists does not trump any specific instruction by Employer. The Board argues that Claimant's supervisor gave specific instruction to Claimant to report to the office location on June 14 and June 15, 2018. Claimant's disregard of Employer's specific instruction and refusal to report to Employer's office location, the Board contends, is not excused by the fact that Claimant worked until 11:30 p.m. on June 14, 2018. Lastly, the Board argues Claimant's refusal to report to Employer's office location absent a competent medical excuse rises to the level of willful misconduct. It notes Claimant was provided with ADA and FMLA paperwork so Employer could have completed Claimant's request for an accommodation, but Claimant failed to turn in this completed paperwork.

At issue here is whether the Claimant's conduct constitutes willful misconduct. Section 402(e) of the UC Law provides that a claimant is ineligible for benefits for any week "[i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work." 43 P.S. § 802(e). Although "willful misconduct" is not defined in the UC Law, our Supreme Court has held that the term means:

> (a) wanton or willful disregard for an employer's interests;
> (b) deliberate violation of an employer's rules; (c) disregard for

5

standards of behavior which an employer can rightfully expect of an employee; or (d) negligence indicating an intentional disregard of the employer's interest or an employee's duties or obligations.

*Navickas v. Unemployment Comp. Bd. of Review*, 787 A.2d 284, 288 (Pa. 2001).

Whether conduct amounts to willful misconduct requires consideration of "all of the circumstances, including the reasons for the employee's noncompliance with the employer's directives." *Rebel v. Unemployment Comp. Bd. of Review*, 723 A.2d 156, 158 (Pa. 1998). An employer bears the burden of proving that a claimant engaged in willful misconduct. *Navickas*, 787 A.2d at 287. Once the employer meets its burden, the burden shifts to the claimant to show good cause for that conduct. *Henderson v. Unemployment Comp. Bd. of Review*, 77 A.3d 699, 719 (Pa. Cmwlth. 2013). A claimant can demonstrate good cause by showing "his actions are justified or reasonable under the circumstances." *Id.* Finally, it bears emphasis that "the Board is the ultimate fact-finder in unemployment compensation matters and is empowered to resolve all conflicts in evidence, witness credibility, and weight accorded the evidence." *Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008). On appeal, the Board's findings are conclusive "so long as the record taken as a whole contains substantial evidence to support them." *Henderson*, 77 A.3d at 718.

With the above principles in mind, we turn to the facts of this case. The Board, through its incorporation of the Referee's findings, found Employer permitted Claimant to work two days per week from home, but Claimant was required to work the remaining three days at Employer's office location. (Board Order; FOF ¶ 2.) On June 12, 2018, Claimant was scheduled to work at Employer's business, but did not report. (Board Order; FOF ¶¶ 7-8.) Claimant was warned and told to report to work at Employer's office location on June 14 and June 15, 2018, yet he did not report.

6

(Board Order; FOF ¶¶ 10, 12.) As a result, Employer terminated Claimant's employment. (Board Order; FOF ¶ 13.) Claimant does not dispute that he did not report to Employer's place of business as specifically directed. In fact, he testified at the hearing before the Referee that his supervisor warned him on June 12 that he was supposed to report to work on June 14 and 15. (Hr'g Tr. at 16-17, Certified Record Item 11.) He further admitted to not reporting to work as directed on June 14 and 15. (*Id.* at 17.) This constituted willful misconduct as Claimant did not comply with Employer's specific directive. *Blose v. Unemployment Comp. Bd. of Review*, 449 A.2d 101, 103 (Pa. Cmwlth. 1982).

Although Employer satisfied its burden of showing Claimant engaged in willful misconduct, the analysis does not end there. We must consider whether the Claimant showed good cause for his conduct. *Henderson*, 77 A.3d at 719. Claimant argues he had multiple reasons that constitute good cause for failing to comply with Employer's directive. First, he alleges he needed to work from home more frequently because of his age, health, and the distance between his home and work. The Board found that while Claimant requested to work from home more frequently, when Employer provided Claimant with paperwork to accommodate his request under the ADA and FMLA, Claimant did not complete the paperwork. (Board Order; FOF ¶¶ 5-6.) Claimant admitted during his testimony that he did not do so, despite extensions of time to comply, because his physician was reluctant to complete the forms. (Hr'g Tr. at 18-19.) Claimant appears to have provided medical records from 2015, but Employer is not required to accept such documentation from three years earlier.

Second, Claimant argues that because he worked late on June 14, 2018, he was not required to report to work on June 15, 2018. He claims Employer has a

policy that employees who work late or are on call can work from home, and he is being treated unfairly since that rule is not being applied to him. Although the Board did not make any specific findings related to whether such a policy existed, even if the Board found such a policy did exist, the policy would have been superseded by Employer's specific directive to Claimant on June 12 that he was to report to work on June 14 and 15. *See Blose*, 449 A.2d at 103 (finding that although a claimant had discretion in operating the employer's business, the claimant's violation of a specific instruction constituted willful misconduct). Furthermore, Claimant testified he completed his work on June 14 by 11:30 p.m., but he was not required to report to Employer's office the next day until 9 to 9:30 a.m. (Hr'g Tr. at 16.) We cannot find Employer's expectation that Claimant report to work under these circumstances unreasonable. Finally, Claimant proffered no explanation as to why he did not report to work on June 14, other than it "made no sense for [him] to work" in the office. (Hr'g Tr. at 17.) The burden was on Claimant to prove good cause for not reporting to work, *Henderson*, 77 A.3d at 719, but none of the reasons Claimant provided constitute good cause.

In summary, based upon our review of the record, we conclude there is substantial evidence to support the Board's findings. Because Claimant engaged in willful misconduct and did not demonstrate good cause, we affirm the Board's Order.

_____
**RENÉE COHN JUBELIRER,** Judge

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Peter Xianhua Zhang,           :
              Petitioner    :
                        :
          v.             :    No. 182 C.D. 2019
                        :
Unemployment Compensation    :
Board of Review,             :
              Respondent  :

# **O R D E R**

    **NOW**, August 13, 2019, the Order of the Unemployment Compensation Board of Review, dated December 21, 2018, is **AFFIRMED.**

                                  _____

                                  **RENÉE COHN JUBELIRER,** Judge