Edward Schlernitzer, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 12, 1980, before Judges MENCER, CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Brewington W. Crosswell,* with him *William Shimer, Jr.,* for petitioner.

*William J. Kennedy,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE CRAIG, October 16, 1980:

Claimant Edward Schlernitzer appeals from a decision of the Unemployment Compensation Board of Review (board) which affirmed a referee's decision holding that claimant was ineligible for benefits under Section 402(e) of the Unemployment Compensation Law, 43 P.S. 802(e),[1] because his discharge from Pennhurst State School (employer) was precipitated by willful misconduct, allegedly failing to report off to the employer before being absent on six occasions.[2]

Claimant contends that the record is devoid of substantial evidence which is required to support a finding of willful misconduct. We cannot agree.

The facts are not in dispute.[3] The board found that

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

[2] In *Urso v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 593, 396 A.2d 70 (1979), this court held that deliberate violation of the employer's rule is misconduct that will require denial of benefits if the employer's rule is reasonable and if the employee does not prove that the violation was justified by good cause.

[3] The following are the relevant findings of fact:

3. Company policy, of which the claimant was aware, required that the claimant notify the employer whenever he was unable to report for work.

employer's policy concerning employee absenteeism required employees to report off to employer before being absent.

Employer's witness, Betty Jones, testified that on several occasions she spoke with claimant and explained to him that he could lose his job if he continued failing to report off before being absent from work. Claimant testified that he was absent for illness and that he knew he was required to notify the employer before being absent from work.[4] He denied being told that he could lose his job, but the issue of credibility was for the board.

Despite the fact that claimant had undergone long term treatment at Pennhurst State School, we cannot, in view of claimant's own testimony, hold that claimant was unable to comprehend his duty to notify the employer before being absent from work.

Accordingly, we affirm the decision of the board.

### ORDER

AND Now, this 16th day of October, 1980, the decision of the Unemployment Compensation Board of Review is hereby affirmed.

---

4. The claimant was discharged on August 4, 1978, in accordance with the company policy.

5. The claimant's last six incidents of absenteeism were without reporting off as were other incidents of the claimant's absence.

. . . .

7. The claimant did not have a phone but had access to a phone about two blocks away except on some Sundays.

[4] The pertinent testimony of claimant is as follows:

QL: Why did you miss those days of work?

AC: Well, you had named sick.

QL: You were sick?

AC: Yes.

QL: Did you know you were supposed to call in?

AC: Yes I know.