Pat Buscemi, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 1, 1984, to Judges MacPhail, Doyle and Barry, sitting as a panel of three.

*Michelle R. Terry,* for petitioner.

*Karin S. Simpson,* Associate Counsel, with her, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

Opinion by Judge Doyle, January 11, 1985:

Pat Buscemi (Claimant) appeals from a denial of benefits by the Unemployment Compensation Board of Review (Board), on the basis of Section 402(e) of the Unemployment Compensation Law[1] (willful misconduct).

Claimant was employed as a production worker for the Combination Pump Valve Company from March 3, 1981 to March 19, 1982. From March 11th to 19th, 1982, Claimant was absent from work due to illness.[2] On the 19th he received a telegram from his employer

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937), 2897, *as amended,* 43 P.S. §802(e).

[2] Claimant submitted a doctor's certification indicating that he was under treatment for viral bronchitis from March 12, 1982 through March 24, 1982.

notifying him that he had been discharged for failure to report to work without proper notification.

The burden falls on an employer to prove that an employee has been discharged for willful misconduct. *Bignell v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 568, 434 A.2d 869 (1981). Since the employer in this case prevailed before the Board, this Court's scope of review is limited to questions of law and to a determination of whether the findings of fact of the referee or the Board are supported by substantial evidence. *Brant v. Unemployment Compensation Board of Review*, 83 Pa. Commonwealth Ct. 373, 477 A.2d 596 (1984).

Claimant specifically challenges the following two findings of fact made by the referee:

3. The claimant was absent from March 11, 1982 to March 19, 1982 with no contact with the employer on March 12, 16, 17, 18, or 19, 1982.

4. Claimant . . . was aware of the fact that the employer should be contacted on a daily basis.

There is no dispute that on the first day of Claimant's illness, a Thursday, his mother contacted his employer. Nor is there any dispute that on the following Monday Claimant's father called to report that Claimant was suffering from viral bronchitis and would be out for *an indefinite period* of time.[3] Although Claimant testified at the referee's hearing that his mother also called in on the second day of his illness, the employer offered into evidence an absentee report indicating that no call had been made that day. The referee, as the fact finder, was justified in believing

---

[3] Claimant's father, who testified on his son's behalf at the referee's hearing, stated that when he called on March 15th, he spoke to Claimant's supervisor, and "I told him Pat was pretty sick and I wouldn't know what time he would be going back." Notes of Testimony at 10.

either party. Finding of fact number three, therefore, is supported by substantial evidence in the record.

With respect to finding of fact number four, on the other hand, an examination of the record reveals no evidence of any kind of a policy requiring an employee who is out sick to contact the employer daily. On the contrary, the employer indicated that there was no written policy and that "a person did not have to report in every day as long as that individual had given us an indication of how long he was going to be out."[4] The Claimant testified that according to his understanding of the policy, "as of the 15th when the phone call was placed and told (sic) that I was under a doctor's care and for what reason, I didn't feel that there was any other reason to call until it was time to go back or if it was going to be a very long prolonged period of time."

This Court has held that even a justified absence from work can amount to willful misconduct if the employee fails to comply with a reporting requirement of which he is aware. *Yerger v. Unemployment Compensation Board of Review*, 73 Pa. Commonwealth Ct. 278, 457 A.2d 1333 (1983); *Schlernitzer v. Unemployment Compensation Board of Review*, 54 Pa. Commonwealth Ct. 276, 420 A.2d 1358 (1980). An examination of the record in this case, however, reveals no clear cut requirement with respect to reporting of absences. In past cases, where testimony regarding such a requirement has been equivocal, this Court has examined

---

[4] Notes of Testimony at 4. The employer also introduced a letter sent by him to the Office of Employment Security (O.E.S.) on March 30, 1982, in which he indicated that following Claimant's termination, Claimant's father had been advised that according to company policy "an individual must call in each and every day unless that individual has indicated he or she will be out a specified period of time." O.E.S. Exhibit No. 6. There was no evidence that Claimant himself was ever advised of such a policy.

the reporting procedure used to see if it complied with actual procedures in effect and commonly used and understood in the company. *Penn Photomounts, Inc. v. Unemployment Compensation Board of Review*, 53 Pa. Commonwealth Ct. 407, 417 A.2d 1311 (1980); *Unemployment Compensation Board of Review v. Blouse*, 23 Pa. Commonwealth Ct. 66, 350 A.2d 220 (1976). The only testimony in this regard, however, other than the testimony referred to above, is the employer's statement that on prior occasions when Claimant had been out for between two and four consecutive days, he had called in each day. Without testimony regarding the nature of his prior absences, or the procedures used by other employees of the company, we think the procedure used by a claimant in an instance such as this should be examined to see if it was reasonable under the circumstances.

Examining then the facts in the case sub judice, apparently, when Claimant's mother called the first day, she stated only that he was ill and would not be in that day; however, when the father called on the following Monday, he reported that Claimant would be out for some indefinite period of time. It thus appears that Claimant at least made an attempt to comply with what he perceived to be the company policy as enunciated by the employer. It is true that even one day of unreported absence can constitute willful misconduct if the employee has a prior history of unreported, unjustified or excessive absences. *See Landis v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 140, 382 A.2d 1281 (1978); *Holtzman v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 525, 372 A.2d 31 (1977). But Claimant here had no such history. Although the employer testified that Claimant was absent 19½ days in 1981, he also testified that each of

these absences had been reported, and there was no inference that any of them were unjustified. Although 19½ absences over a ten month period may be an undesirable number, we do not think it is excessive as a matter of law. *Compare Landis,* where the employee was absent for 86 days in 1971, 207 days in 1972, 180 days in 1973 and 60 days, including three unreported days, in 1974, and *Holtzman,* where the employee was absent for 32 months over five years, including a seven week leave of absence immediately following which he was discharged for failing to report or call in on the day he was due back at work.

For the reasons stated above, the decision of the Board is reversed.

ORDER

Now, January 11, 1985, the decision and order of the Unemployment Compensation Board of Review, No. B-208158, is hereby reversed.