David L. Savage, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 28, 1985, to Judge COLINS, and Senior Judges BARBIERI and KALISH. sitting as a panel of three.

*John F. Goryl,* for petitioner.

*Karin S. Simpson,* Associate Counsel, with her, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, April 30, 1985:

David L. Savage, Claimant, appeals two orders of the Unemployment Compensation Board of Review (Board) which affirmed a referee's denial of benefits due to willful misconduct and a referee's finding that he received a nonfault overpayment in the amount of $1,386.00 subject to recoupment. We affirm.

Claimant was last employed as a driver by H. C. Gabler, Inc. (Employer) at a weekly salary of $370.00. His last day of work was January 15, 1982. From January 26, 1982 through January 29, 1982, Claimant was absent from work and no notice of such absence was given the Employer. On January 29, 1982, the Employer terminated Claimant for failing to report his absences.

Claimant applied for unemployment compensation benefits on January 31, 1982. The Office of Employment Security (OES) determined that Claimant was eligible for benefits by decision dated February 24, 1982. The Employer appealed the OES determination to a referee who scheduled a hearing for March 17, 1982. Two Employer representatives appeared at the hearing, but neither Claimant nor anyone representing the Claimant appeared. The Employer's witnesses proceeded to present their case and, on March 24, 1982, the referee issued his decision reversing the OES determination and found that the Claimant was ineligible for benefits due to willful misconduct under Section 402(e) of the Pennsylvania Unemployment Compensation Law (Law).[1] Claimant filed a timely appeal to the Board which affirmed the referee on June 23, 1982. In the meantime, on March 29, 1982, the OES determined that Claimant had received a nonfault overpayment of benefits in the amount of $1,386.00 which was subject to recoupment under Section 804(b) of the Law.[2] Claimant appealed that determination to a referee who held a hearing on April 27, 1982. On April 29, 1982, the referee affirmed the OES determination regarding the nonfault overpayment. Claimant also appealed that decision to the Board which affirmed the referee on June 23, 1982. Claimant then filed timely petitions for review concerning both Board orders with this Court.

In this appeal, Claimant contends that the Board erred in concluding that his behavior rose to the level of willful misconduct so as to render him ineligible for benefits. Claimant also argues that he was denied his right to be heard when the referee based his

---

[1] Act of December 5. 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(e).

[2] 43 P.S. §874(b).

decision reversing the OES award of benefits upon testimony received at a hearing at which he was not present. We shall address these issues in that order. First, however, we note that in willful misconduct cases, the Employer must bear the burden of proof to show that the employee was discharged for willful misconduct in order to render the employee ineligible for benefits. *Bignell v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 568, 434 A.2d 869 (1981). Where the party with the burden of proof has prevailed before the Board, as did the Employer here, our scope of review is limited to a determination of whether necessary findings are supported by substantial evidence, an error of law committed, or any constitutional rights violated. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Saxton v. Unemployment Compensation Board of Review*, 71 Pa. Commonwealth Ct. 636, 455 A.2d 765 (1983).

We will first examine whether Claimant's conduct, as found by the referee and the Board, rose to the level of willful misconduct so as to render him ineligible for benefits. Whether or not a claimant's actions constitute willful misconduct is a question of law properly reviewable by this Court. *Nyzio v. Lee Tire and Rubber Co.*, 26 Pa. Commonwealth Ct. 600, 364 A.2d 981 (1976). The evidence presented before the referee indicates that Claimant requested a vacation day on January 18, 1982 to work on his car. He contacted his Employer that evening to request another vacation day, January 19, 1982, for the same purpose. On January 20, 1982, Claimant's wife called the Employer to report that Claimant was ill and would be off work until January 23, 1982. On January 23, 1982, Claimant's wife again called the Employer to report that Claimant was still ill and would

be off work through January 25, 1982. Claimant did not appear for work from January 26 through January 29, 1982, nor did he or his wife notify the Employer that he would be absent.[3] The Employer's Operations Manual, a copy of which was introduced into evidence at the March 17, 1982 hearing, requires employees to call into Central Dispatch at least once per day between 4:00 p.m. and 5:00 p.m. to report their status. Claimant received a copy of that Manual. In *Hadvance v. Unemployment Compensation Board of Review*, 65 Pa. Commonwealth Ct. 447, 442 A.2d 862 (1982), we upheld a finding of willful misconduct where an employee did not report his absences for a period of five days.[4] Here, Claimant was dismissed for failing to report his absence for four consecutive work days. We are satisfied that Claimant's conduct evidences a disregard of the standards of behavior which an employer has a right to expect from an employee and further evidences a substantial disregard of the employer's interests and of the employee's duties and obligations to the employer so as to constitute willful misconduct under Section 402(e) of the Law. *See Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compen-*

---

[3] In his brief, claimant admits that neither he nor his wife notified the employer of his absences from January 26, 1982 through January 29, 1982. Accordingly, claimant does not contend that this finding is not supported by substantial evidence.

[4] We distinguish claimant's situation here from the facts in *Buscemi v. Unemployment Compensation Board of Review*, 87 Pa. Commonwealth Ct. 60, 485 A.2d 1238 (1985). In *Buscemi*, we held that the failure of an employee, who had no significant absentee record, to call his employer for five of seven days of absence did not amount to willful misconduct. In contrast to the claimant in *Buscemi*, the claimant here amassed a total of fifty-one and one-half unpaid absent days and twenty paid absent days from March 1980 until January 1982.

*sation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973).

We now turn to Claimant's final contention which is that he was denied due process of law when the Board failed to remand the matter to a referee for a new hearing due to Claimant's absence from the original hearing. Claimant does not dispute that he received timely advance notice of the March 17, 1982 hearing and that the notice contained the date, hour and place of the hearing. 34 Pa. Code §101.51 provides, in pertinent part, that where a party is duly notified of the date, hour and place of a hearing and fails to attend that hearing, without proper cause, the hearing may be held in his absence. When Claimant failed to appear after being given sufficient advance notice, the referee, quite properly, conducted the hearing in Claimant's absence and proceeded to allow the Employer to present its case as to Claimant's alleged willful misconduct.

Claimant, however, claims that he had "proper cause" for failing to attend the March 17, 1982 hearing which mandates that we remand this matter back for a new hearing. In his administrative appeal, Claimant admitted receipt of timely notice. However, he also stated that his absence from the hearing was due to his misreading the date on the notice whereby he thought the referee's hearing was to be held on March 25, 1982 rather than on March 17, 1982. Claimant does not assert that the notice itself was incorrect or misleading, only that he misread it. Simply put, Claimant's own negligence was the sole cause of his not appearing at the March 17, 1982 referee's hearing. We hold that a claimant's own negligence is insufficient "proper cause," as a matter of law, to justify his failure to appear at a referee's hearing and warrant a new hearing. Claimant's con-

tention that his absence from the referee's hearing was for "proper cause" must be rejected.[5]

Having found no errors of law committed by the Board nor any constitutional rights of the Claimant violated, we shall affirm the order of the Board.[6]

### ORDER

AND Now, this 30th day of April, 1985, the orders of the Unemployment Compensation Board of Review at Decision No. B-207171 and Decision No. B-207172, dated June 23, 1982, which deny unemployment compensation benefits to David L. Savage on the basis of willful misconduct and which find David L. Savage to have received a nonfault overpayment in the amount of $1,386.00 subject to recoupment under Section 804(b) of the Pennsylvania Unemployment Compensation Law, are hereby affirmed.

Judge WILLIAMS, JR., did not participate in the decision in this case.

---

[5] We note that while claimant raised the issue of "proper cause" for his absence from the referee's hearing, the Board made no specific finding on this issue when it disposed of claimant's administrative appeal. Normally, where the Board has failed to make a specific finding on the "proper cause" issue, we would remand the matter to the Board for such a finding under the rationale of our decision in *Eckert v. Unemployment Compensation Board of Review*, 86 Pa. Commonwealth Ct. 72, 483 A.2d 1059 (1984). A remand in this case would serve no useful purpose as we have found that claimant's reasons for his absence are insufficient as a matter of law to constitute "proper cause."

[6] While claimant has appealed the Board's order pertaining to the finding of a nonfault overpayment subject to recoupment, he has not addressed any alleged errors pertaining to that order in the brief filed with this Court. Accordingly any alleged errors pertaining to that order of the Board are deemed waived. Pa. R.A.P. 2116, 2119; *Commonwealth v. Colbert*, 476 Pa. 531, 383 A.2d 490 (1978) (plurality opinion) ; *Czitrom v. Unemployment Compensation Board of Review*, 52 Pa. Commonwealth Ct. 537, 416 A.2d 109 (1980).