# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Health Care Stat, Inc., | : |
| Petitioner | : |
| | : |
| v. | : No. 906 C.D. 2015 |
| | : Submitted: November 25, 2015 |
| Unemployment Compensation Board | : |
| of Review, | : |
| Respondent | : |

BEFORE:  HONORABLE DAN PELLEGRINI, President Judge[1]
HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                                   **FILED:  March 2, 2016**

Health Care Stat, Inc. (Employer) petitions for review of the April 30, 2015 order of the Unemployment Compensation Board of Review (Board) concluding that Christine M. Finnegan (Claimant) was not ineligible for unemployment compensation under Section 402(e) of the Unemployment Compensation Law[2] (Law).  We affirm.

---

[1] This case was assigned to the opinion writer on or before December 31, 2015, when President Judge Pellegrini assumed the status of senior judge.

[2] Act of December 5, 1936, Second. Ex. Sess., P.L. (1937) 2897, §402(e), *as amended,* 43 P.S. §802(e).  Section 402(e) provides that an employee shall be ineligible for compensation for any week "[i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work…." 43 P.S. §802(e).

Claimant was employed by Employer as a full-time staff scheduler[3] from August 3, 2013 through January 9, 2015. (Record (R.) Item 12, Board's Decision and Order, Finding of Fact (F.F.) ¶1.) In her initial internet claim for unemployment compensation, Claimant stated she had been discharged from employment because she failed to report for work on January 12, 2015 without notifying Employer; Claimant stated, however, that she had in fact advised the front desk receptionist on that day that she would not be reporting for work and that her message was relayed to her supervisor. (R. Item 2, Initial Internet Claims.) Employer submitted separation information to the Department of Labor and Industry (Department) in the form of both a written response and a subsequent oral interview indicating that on January 12, 2015 Claimant was a "no call, no show;" Employer denied having been notified by Claimant that she would not report to work that day and stated that Claimant had abandoned her job. (R. Item 3, Employer Separation Information; R. Item 4, Record of Oral Interview.)

On January 29, 2015, the Department issued a Notice of Determination finding Claimant ineligible for benefits under Section 402(b) of the Law;[4] the Department found that Claimant voluntarily quit her employment due to frustrations with the manner in which the office was run, and failed to demonstrate a necessitous and compelling reason for having done so. (R. Item 5, Notice of Determination.) Claimant appealed, and on February 23, 2015, a hearing was held before the Referee at which Claimant testified, together with Employer's Director

---

[3] Employer provides temporary placement of nursing professionals to short and long-term pediatric and adult care facilities and individual residences.

[4] Section 402(b) of the Law provides, in pertinent part, that an employee shall be ineligible for benefits during any week "[i]n which her unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature." 43 P.S. § 802(b).

of Nursing (Director), who was represented by counsel. (R. Item 10, Hearing Transcript (H.T.).) The Referee resolved conflicts in testimony in favor of Claimant and found that Employer had discharged Claimant from her employment, and therefore Section 402(e) of the Law, which bars an employee who has committed willful misconduct from receiving unemployment compensation, was the applicable provision of the statute given the facts in this case. (R. Item 10, Referee's Hearing: Decision/Order.) The Referee concluded that although Claimant used poor judgment in calling Employer's receptionist to report that she would be absent rather than calling the Director, Claimant's actions did not rise to the level of willful misconduct;[5] accordingly, the Referee reversed the determination of the Department and found Claimant not ineligible for benefits. (*Id*.) Employer appealed, and on April 30, 2015, the Board issued its decision and order affirming the decision of the Referee and granting benefits. (R. Item 12, Board's Decision/Order.) In its decision, the Board made the following relevant findings of fact:

> 2. [Claimant's] schedule was from 8:30 a.m. to 5:00 p.m.
>
> 3. On January 7, 2015, [Claimant's] direct supervisor quit her employment.
>
> 4. [Claimant] would normally call off of work to the direct supervisor [who] had quit.

---

[5] Pennsylvania courts have defined willful misconduct as: (i) the wanton and willful disregard of an employer's interests; (ii) deliberate violation of rules; (iii) disregard of the standards of behavior which an employer can rightfully expect from an employee; or, (iv) negligence showing an intentional disregard of the employer's interests or the employee's duties and obligations. *Grieb v. Unemployment Compensation Board of Review*, 827 A.2d 422 (Pa. 2002); *Johns v. Unemployment Compensation Board of Review*, 87 A.3d 1006 (Pa. Cmwlth. 2014). The employer bears the burden of establishing that a claimant engaged in willful misconduct. *Id*.

5.  On January 12, 2015 at 6:15 a.m., [Claimant] sent a text message to the employer's receptionist stating that she would not be reporting to work.

6.  At approximately 8:00 a.m., [Claimant] called the receptionist to make sure she received the text message and to tell her to notify management she would not be in for work.

7.  At 2:44 p.m., [Employer's] director of nursing sent a text message to [Claimant] stating that she was disappointed, that it looked like she had moved on, and that she wished her well.

8.  [Claimant] responded to the text message questioning whether she was being fired.

9.  [Claimant] had intended to return to work the next day on January 13, 2015.

10. [Employer] discharged [Claimant] for being a no call/no show on January 12, 2015.

(*Id.*, F.F. ¶¶2-10.)

The Board concluded that Claimant credibly testified that she contacted Employer's receptionist about her absence, and stated that even if Claimant violated Employer's policy by calling off to the receptionist instead of to her supervisor, it would still be unable to find willful misconduct based solely on Claimant's conduct on January 12, 2015. (*Id.*, Discussion.) The Board recognized that Claimant had made efforts to notify Employer of her absence, and stated that "there is no evidence in the record that [Claimant] could be immediately

4

discharged for such conduct or that she had been previously warned for an improper call off." (*Id*.) Employer appealed the Board's decision to this Court.[6]

Before this Court, Employer argues that the Board erred in finding that Claimant's "knowing failure to notify the Director of her absence from work" was not willful misconduct, and asserts that Employer's rule required Claimant to call or text her manager or the Director if she was going to be late for her shift. (Employer's Brief at 3.) Employer further states that Claimant "knew Employer's reasonable call out policy and purposefully disregarded the unwritten policy." (*Id*.) A claimant's violation of a reasonable work rule or employer policy constitutes willful misconduct unless the application of the rule or policy to the claimant's conduct is unreasonable or the claimant shows good cause for her actions. *Walsh v. Unemployment Compensation Board of Review*, 943 A.2d 363, 368 (Pa. Cmwlth. 2008). However, to prove willful misconduct on this basis, the employer must prove the existence of the rule or policy and that the claimant was aware of the rule or policy and violated it. *Id*. at 369-70.

Here, other than Director's assertion that Claimant "did a no call no show," (H.T. at 5) the record contains no testimony or documentary evidence whatsoever to establish the existence of a call off procedure, or indeed of any other applicable attendance rule. Employer first refers to a "rule" and "policy" in its

---

[6] In an unemployment compensation appeal, this Court's scope of review is limited to determining whether an error of law was committed, whether constitutional rights were violated, and whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2. Pa.C.S. §704; *On Line Inc. v. Unemployment Compensation Board of Review*, 941 A.2d 786, 788 n.7 (Pa. Cmwlth. 2008). Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Scott v. Unemployment Compensation Board of Review*, 36 A.3d 643, 647 n.4 (Pa. Cmwlth. 2012).

Petition for Appeal to the Board from the Referee's decision, arguing that Claimant purposefully disregarded its rules and reasonable orders and stating that Claimant was required to call or text her "manager/the Director of Nursing" if she was going to be late for her shift.[7]  (R. Item 11, Employer's Petition for Appeal w/attachment.)  Before the Referee, the Director did not refer to a rule or policy; she testified only that Claimant did not call her and she stated that she directed another supervisor to try to reach Claimant by phone and text. (R. Item 9, H.T. at 6.)  The Director further stated that Claimant's failure to respond caused problems in the office and jeopardized patient care, prompting her to send Claimant a text that afternoon advising her that it looked like she had moved on, and that she wished her well. (*Id.*, H.T. at 6-7.)  Claimant testified that when she was going to be late or was calling off work, she "typically" contacted not the Director but rather her direct supervisor; however, she stated that her direct supervisor had resigned on Wednesday of the previous week (R. Item 9, H.T. at 8-9.)  The Board found Claimant's testimony that she contacted Employer's receptionist about her absence to be credible and determined that Claimant had indeed made efforts to notify Employer.  Our Courts have made clear that the Board is the ultimate fact finder and is empowered to resolve conflicts in the evidence and to determine the credibility of witnesses.  The Board's findings are conclusive and binding on appeal if the record, when examined as a whole, contains substantial evidence to support those findings, even if there is other contrary evidence. *Bruce v.*

---

[7] The Board filed a motion to strike extra-record evidence contained in Employer's Petition for Review, which this Court granted on October 1, 2015, and another motion, to strike extra-record evidence contained in Employer's Brief and reproduced record, which this Court granted on October 16, 2015.

*Unemployment Compensation Board of Review*, 2 A.3d 667, 671-72 (Pa. Cmwlth. 2010).

This Court has concluded that an employer has not established willful misconduct if an employee has reported an absence in a reasonable manner, even if the manner is not in accord with the employer's rule. *Buscemi v. Unemployment Compensation Board of Review*, 485 A.2d 1238 (Pa. Cmwlth. 1985). Here, substantial evidence exists to support the Board's conclusion that Claimant made a reasonable effort to notify Employer that she would not be present on January 12, 2015, especially given the fact that the person to whom Claimant customarily reported an absence or late arrival had resigned just days before. Further, Employer failed to present evidence that an established policy regarding call off procedures dictated that only notification to a supervisor or the Director would suffice. Accordingly, we discern no error in the Board's determination that Employer failed to sustain its burden of proving that it discharged Claimant from her employment as a result of actions that constitute willful misconduct. The Board's order is affirmed.

_____
**JAMES GARDNER COLINS, Senior Judge**

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Health Care Stat, Inc.,         :
                Petitioner    :
                              :
            v.              : No. 906 C.D. 2015
                              :
Unemployment Compensation Board  :
of Review,                   :
                Respondent  :

# O R D E R

**AND NOW**, this 2nd day of March, 2016, the order of the Unemployment Compensation Board of Review in the above-captioned matter is **AFFIRMED**.

 

**JAMES GARDNER COLINS, Senior Judge**