IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin D. Rocktaschel,           :
            Petitioner    :
                                 :
       v.               :  No. 586 M.D. 2017
                                 :  SUBMITTED: November 12, 2020
The Pennsylvania State Police  :
of the Commonwealth of       :
Pennsylvania,              :
            Respondent   :

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge (P)
                HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                            FILED:  December 11, 2020

Petitioner, Kevin D. Rocktaschel (Rocktaschel), seeks relief from this Court in our original jurisdiction. He requests removal of his personal information from the sex offender registry maintained by the Pennsylvania State Police (State Police), as well as relief from further registration and reporting obligations. Rocktaschel has filed an application for summary relief. After thorough review, we deny the application.

## I. Background

The filings in this case are sparse, but the few facts needed to dispose of the application for summary relief can be sufficiently gleaned from the pleadings and are not in dispute. In October 2004, Rocktaschel pleaded guilty in New York to sexual misconduct, a Class A misdemeanor, and was sentenced to six years of probation. Pet. for Review, ¶ 3; Answer, ¶ 3; N.Y. Penal Law § 130.20 (Consol.

2003).[1]  In April 2005, he was classified as a Level 1 registrant[2] in New York and began registering as a sex offender as required by New York law.  Pet. for Review, ¶ 4; Answer, ¶ 4; *see* N.Y. Correct. Law § 168-h (Consol. 2006).  At that time, Rocktaschel was subject to a 10-year registration requirement in New York.  *See* 2002 N.Y. Laws 11, § 13 (effective March 11, 2002).

In January 2006, the New York legislature amended Section 168-h to require that sex offenders register for 20 years instead of 10.  N.Y. Correct. Law § 168-h(1) (Consol. 2006); 2006 N.Y. Laws 1.  The amending legislation provided for retroactive application to sex offenders who were subject to registration requirements immediately before its enactment.  2006 N.Y. Laws 1, § 6. Rocktaschel does not allege that he challenged the retroactive application of the amendment to him in New York.

In 2011, Rocktaschel relocated to Pennsylvania and began registering with the State Police as a sex offender.  Pet. for Review, ¶ 6; Answer, ¶ 6.  His registration requirement was mandated by *former* 42 Pa. C.S. § 9795.1(a)(3) (expired) (Megan's

---

[1] The applicable New York statute provides:

**§ 130.20. Sexual misconduct**

A person is guilty of sexual misconduct when:
> 1. He or she engages in sexual intercourse with another person without such person's consent; or
> 2. He or she engages in oral sexual conduct or anal sexual conduct with another person without such person's consent; or
> 3. He or she engages in sexual conduct with an animal or a dead human body.

Sexual misconduct is a class A misdemeanor.

N.Y. Penal Law § 130.20 (Consol. 2003).

[2] A Level 1 classification reflects a determination that the risk of a repeat offense is low. N.Y. Correct. Law § 168-*l*(6)(a) (Consol. 2011), § 168-n(3) (Consol. 2005).

Law III),[3] which was then in effect and applicable to him. Megan's Law III imposed a 10-year registration requirement. *See id.*

Megan's Law III expired in December 2012, by which time it had been replaced by the Sexual Offender Registration and Notification Act (SORNA I).[4] In 2018, SORNA I was amended by SORNA II.[5] Rocktaschel is classified as a Tier 1 registrant under SORNA II. Pet. for Review, ¶ 10; Answer, ¶ 10. As such, he is subject to a 15-year registration requirement in Pennsylvania, unless a longer requirement applies in New York. *See* 42 Pa. C.S. §§ 9799.13(7) (SORNA II's registration requirements apply to Pennsylvania residents who were convicted under a sexual offender statute in another jurisdiction), 9799.15(a)(1) (15-year registration requirement for Tier I), 9799.56(b)(4)(iii) (applicable registration period is the longer of that in Pennsylvania or that in the state where the conviction occurred).

Rocktaschel contends he is no longer subject to a registration requirement in Pennsylvania, as he has registered for 15 years. The State Police assert that he is subject to the current 20-year New York registration requirement, with which he must continue to comply.

## II. Issues

The crux of the parties' dispute is the duration of Rocktaschel's sex offender registration requirement. He avers that his requirement was either 10 or 15 years, and he has now satisfied either requirement. Br. of Pet'r at 14. The State Police

---

[3] *Former* 42 Pa. C.S. §§ 9791-9799.75.

[4] 42 Pa.C.S. §§ 9799.10-9799.41.

[5] Act of February 21, 2018, P.L. 27 (Act 10), *as amended* by the Act of June 12, 2018, P.L. 140 (Act 29), 42 Pa.C.S. §§ 9799.10-9799.75.

argue, however, that his crime subjects him to a 20-year registration requirement in New York, which also applies to him in Pennsylvania.

Rocktaschel also raises a collateral issue which he characterizes as constitutional. He alleges that current Pennsylvania registration statutes are punitive and that a statute requiring internet dissemination of his personal information on the State Police's sex offender registry website pursuant to SORNA II is an improper *ex post facto* law.

### III. Discussion

Rule 1532(b) of the Pennsylvania Rules of Appellate Procedure allows a court, on application of a party, to enter judgment "if the right of the applicant thereto is clear." Pa. R.A.P. 1532(b); *see Hommrich v. Commonwealth*, 231 A.3d 1027, 1032 (Pa. Cmwlth. 2020). The standard for granting summary relief on a petition for review is similar to that for granting summary judgment. Pa. R.A.P. 1532, Official Note. Summary judgment is appropriate where "there is no genuine issue of any material fact as to a necessary element of the cause of action or defense" and the moving party is entitled to judgment as a matter of law. Pa. R.C.P. No. 1035.2(a); *see also* Pa. R.A.P. 106 ("Unless otherwise prescribed by these rules the practice and procedure in matters brought before an appellate court within its original jurisdiction shall be in accordance with the appropriate general rules applicable to practice and procedure in the courts of common pleas, so far as they may be applied.").

4

## A. Statutory Sex Offender Registration Requirements

Pennsylvania's original statutory sex offender registration legislation, known as Megan's Law I,[6] has undergone several changes since its original enactment. Subsequent versions are known as Megan's Law II[7] and III and SORNA I and II.

Under the current statute, SORNA II, a registrant who relocates from another state to Pennsylvania is subject to registration and reporting requirements in Pennsylvania "for a period of 10 years or for a period of time equal to the time for which the individual was required to register in the other jurisdiction . . . , whichever is greater, less any credit due to the individual as a result of prior compliance with registration requirements." 42 Pa. C.S. § 9799.56(b)(4)(iii). Megan's Law III, which was in effect when Rocktaschel moved to Pennsylvania, contained the same provision. *Former* 42 Pa. C.S. § 9795.2(b)(4)(ii)-(v) (Megan's Law III, effective Jan. 1, 2007, through Feb. 20, 2012).

The parties agree that Rocktaschel is a Tier 1 registrant in Pennsylvania under SORNA II. Pet. for Review, ¶ 10; Answer, ¶ 10. The Tier 1 registration requirement is 15 years. 42 Pa. C.S. § 9799.15(a)(1).

However, Rocktaschel is subject to neither a 10-year nor a 15-year Pennsylvania registration requirement, because his New York registration requirement is longer and therefore controls. *See* 42 Pa. C.S. §§ 9799.13(7) (SORNA II's registration requirements apply to Pennsylvania residents convicted of a sexual offense in another jurisdiction), 9799.56(b)(4)(iii) (applicable registration period is the longer of that in Pennsylvania or that in the state where the conviction occurred). The State Police correctly assert that a 20-year registration requirement

---

[6] *Former* 42 Pa.C.S. §§ 9791-9799.6.

[7] *Former* 42 Pa.C.S. §§ 9791-9799.7.

5

applies because that is the period applicable to Rocktaschel's crime in New York. Indeed, this Court has already so held. *Rocktaschel v. Commonwealth* (Pa. Cmwlth., No. 311 M.D. 2014, filed Dec. 29, 2015), slip op. at 3-5, 2015 Pa. Commw. Unpub. LEXIS 935, *1-*6 (unreported), *aff'd per curiam* (Pa., No. 5 MAP 2016, filed Dec. 28, 2016), 2016 Pa. LEXIS 2914 (unreported).[8]

The applicable statute is N.Y. Correction Law §§ 168-168-w (Consol. 1995). The current version of Section 168-h, which became effective January 18, 2006, provides for a 20-year registration period for a sex offender, such as Rocktaschel, who is classified as a Level 1 risk. N.Y. Correct. Law § 168-h(1) (Consol. 2006). In all previous versions of the statute, the registration period under Section 168-h was 10 years. *See* 2002 N.Y. Laws 11, § 13 (effective March 11, 2002); 1999 N.Y. Laws 453, § 11 (effective January 1, 2000); 1995 N.Y. Laws 192, § 2 (effective January 21, 1996).

It is undisputed that Rocktaschel committed his crime and was sentenced before 2006. However, the 2006 statutory amendment that included the enlargement of the registration period from 10 to 20 years under Section 168-h expressly provided: "This act . . . shall apply to all sex offenders registered or required to register immediately prior to the effective date of this act . . . ." 2006 N.Y. Laws 1, § 6. A New York court has upheld the retroactive application of the amending legislation, concluding that in light of the quoted language, there could be no doubt that the New York legislature intended the amendment to apply retroactively.

---

[8] We also found that SORNA I did not violate Rocktaschel's equal protection rights under the Fourteenth Amendment to the United States Constitution, U.S. Const. amend. XIV, as it imposed no new or different registration requirement, but merely required him to complete his original New York registration obligation. *Rocktaschel v. Commonwealth* (Pa. Cmwlth., No. 311 M.D. 2014, filed Dec. 29, 2015), slip op. at 5-6, 2015 Pa. Commw. Unpub. LEXIS 935, *6-*7 (unreported), *aff'd per curiam* (Pa., No. 5 MAP 2016, filed Dec. 28, 2016), 2016 Pa. LEXIS 2914 (unreported).

*People v. Manos*, 50 N.Y.S.3d 787, 789 (N.Y. App. Term 2017). Although *Manos* related to N.Y. Correction Law Section 168-o (Consol. 2006) rather than Section 168-h, the court's analysis is equally applicable to Section 168-h.

Accordingly, although the 10-year registration requirement was in effect in New York when Rocktaschel began registering in 2005, the amended 20-year registration period applied to Rocktaschel beginning in 2006. Because New York requires registration for 20 years, which exceeds the 15-year requirement in Pennsylvania, the 20-year requirement has applied to Rocktaschel since its 2006 effective date, both in New York and upon his relocation to Pennsylvania.

Rocktaschel began registering as a sex offender in April 2005. Pet. for Review, ¶ 4; Answer, ¶ 4. Therefore, his registration requirement will not end until April 2025. Rocktaschel is incorrect as a matter of law in asserting that he is entitled to removal of his information from the State Police's registry or any related website.

**B. Punitive Character of Registry**

As stated above, Rocktaschel also asserts that SORNA II's provision for dissemination of sex offenders' personal information on the internet is punitive as applied to individuals whose offenses predate the enactment of SORNA II.[9] Therefore, he contends SORNA II's internet dissemination provision is an

---

[9] Rocktaschel also asserts in passing, in his summary of argument, that SORNA II's internet dissemination requirement reflects an improper irrebuttable presumption of dangerousness on the part of sex offenders. We agree with the State Police that Rocktaschel has not developed this argument, and accordingly, he has waived it. *Saad v. Sacred Heart Hosp.*, 700 A.2d 604, 607 (Pa. Cmwlth. 1997) (issue waived when mentioned in summary of argument but not developed in argument section (citing Pa. R.A.P. 2116, 2119; *Savage v. Workmen's Comp. Bd. of Rev.*, 491 A.2d 947, 950 n.6 (Pa. Cmwlth. 1985))).

7

unconstitutional *ex post facto* law that impinges his right under Article I, Section 17 of the Pennsylvania Constitution,[10] as applied to him. This assertion is without merit.

As the State Police correctly asserts, this issue is governed by the Pennsylvania Supreme Court's recent decision in *Commonwealth v. Lacombe*, 234 A.3d 602 (Pa. 2020). In *Lacombe*, our Supreme Court found that retroactive application of the internet dissemination provision of *SORNA II* is not punitive. *Id.* at 626-27. Accordingly, its retroactive application is not unconstitutional. *Id.*

The *Lacombe* Court explained that whether retroactive application of SORNA II's internet dissemination provisions constituted an improper *ex post facto* law depended on whether the retroactive application constituted punishment. *Id.* (citing *Commonwealth v. Muniz*, 164 A.3d 1189, 1208 (Pa. 2017)). The Court found the legislature did not intend to impose punishment by enacting the internet dissemination provisions of SORNA II. *Lacombe*, 234 A.3d at 618.

Next, the Court applied and balanced the analytical factors articulated in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144 (1963),[11] to determine whether a civil statute is punitive in effect. *Lacombe*, 234 A.3d at 618. Regarding those factors of the *Mendoza-Martinez* analysis that were significant, the *Lacombe* Court found the reporting and dissemination requirements did not impose an affirmative disability or restraint; therefore, that factor favored a finding that the requirements were not

---

[10] "No *ex post facto* law, nor any law impairing the obligation of contracts, or making irrevocable any grant of special privileges or immunities, shall be passed." PA. CONST. art. I, § 17.

[11] Those factors include whether the sanction imposes an affirmative disability or restraint, whether it has historically been considered punishment, whether it depends on a finding of scienter, whether it promotes traditional punitive aims of retribution and deterrence, whether the behavior to which it applies is a crime, whether it is rationally connected to an alternate purpose, and whether it is excessive in relation to that alternative purpose. *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69 (1963).

8

punitive. *Id.* at 619. However, the Court found parallels between the SORNA registration requirements and probation, which favored a finding that SORNA was punitive. *Id.* at 622. The Court noted that registration requirements cannot deter the criminal activity for which individuals are required to register, since those crimes have already occurred; thus, that factor weighed in favor of finding the registration requirements punitive, but the Court gave it little weight because the registration requirement was not aimed at deterrence. *Id.* at 624. The Court observed that the registration requirement was rationally connected to a purpose other than punishment, *i.e.*, protecting and informing the public regarding sexual offenders the General Assembly considers dangerous; the Court found this factor clearly weighed in favor of finding SORNA II's registration requirements nonpunitive. *Id.* at 625. Further, the Court concluded the registration requirements were necessary and not excessive for the statute's purpose of protecting the public from sex offenders; this factor, too, weighed heavily in favor of finding the registration requirements nonpunitive. *Id.* at 626.

Weighing all of these factors, our Supreme Court accorded little weight to the statute's promotion of "traditional aims of punishment" and "significant weight" to the fact that SORNA II's registration requirement was "narrowly tailored to its nonpunitive purpose of protecting the public." *Id.* Accordingly, the Court held the registration requirement "does not constitute criminal punishment, and the *ex post facto* claims . . . necessarily fail." *Id.* at 626-27.

We agree with the State Police that our Supreme Court's holding in *Lacombe* is determinative here. Because the registration requirements imposed by SORNA II are not punitive, their retroactive application does not violate any constitutional proscription against *ex post facto* laws.

## IV. Conclusion

For the reasons discussed above, Rocktaschel's application for summary relief is denied.

_____

ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin D. Rocktaschel,                    :
                    Petitioner           :
                                         :
        v.                               :  No. 586 M.D. 2017
                                         :
The Pennsylvania State Police            :
of the Commonwealth of                   :
Pennsylvania,                            :
                    Respondent           :


# **O R D E R**


AND NOW, this 11th day of December, 2020, the application for summary relief of Petitioner, Kevin D. Rocktaschel, is DENIED.


_____
ELLEN CEISLER, Judge