IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania     :
         :
     v.         :
         :
Bin Guo,         :    No. 1564 C.D. 2024
         Appellant   :    Submitted: March 3, 2026

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                         FILED: April 7, 2026

Bin Guo (Appellant) appeals the October 29, 2024 order (Trial Court Order) of the Court of Common Pleas of Allegheny County (Trial Court) that dismissed Appellant's summary appeal[1] and entered judgment against Appellant for local property maintenance code violations. Upon review, we affirm.

On June 27, 2024, Appellant was convicted in a magisterial district court of multiple violations of the City of Pittsburgh Code of Ordinances (Code) pertaining to Appellant-owned properties located at 951 Mirror Street, Pittsburgh and 237-245 Baldwin Road, Pittsburgh (collectively, the Summary Convictions).[2]

---

[1] The Trial Court Order concerns appeals of two summary convictions at two separate Trial Court Docket numbers: Trial Court Docket No. CP-02-SA-0001149-2024, the appeal of which this Court docketed at 1564 C.D. 2024 and which is the instant matter; and Trial Court Docket CP-02-SA-0001150-2024, the appeal of which this Court docketed at 1791 C.D. 2024. While not consolidated, these appeals involve the same record and appellate claims. This Court has decided both cases in opinions filed contemporaneously under the individual docket numbers. *See Commonwealth v. Guo* (Pa. Cmwlth., No. 1791 C.D. 2024, filed April 7, 2026).

[2] Specifically, Appellant was convicted of violating Code Sections 619.03A (Accumulation of Municipal Waste and Recyclables), 619.03B (Municipal Waste and Recyclables Storage and Containers – Leased Single-Family Dwellings), 619.03A (Municipal Waste and Recyclables

*See* Trial Court Record (Record) at 4-8.[3]  Appellant did not timely appeal the Summary Convictions.  *See* Record at 5.  However, on September 4, 2024, Appellant filed a petition to appeal the Summary Convictions *nunc pro tunc* (NPT Petition), which the Trial Court granted by order dated September 10, 2024 (NPT Order).  *See* Record at 2.  The NPT Order expressly stated that "[Appellant] has 30 days from this date to perfect appeal either from the granting of denial of [the NPT Petition]."  Record at 2.

On October 29, 2024, the Trial Court entered the Trial Court Order, which dismissed the NPT Petition and entered judgment on the Summary Convictions as follows:

> AND NOW, to-wit, this 29th day of October, 2024, it is hereby ADJUDGED, ORDERED and DECREED that with more than 30 days having elapsed since the granting of the [NPT Petition] and the [Appellant] having failed to perfect the [NPT] Petition by filing an appeal, the Summary Appeal [of the Summary Convictions] is hereby dismissed.  Th[e Trial] Court enters judgment on the judgment of the issuing authority in accordance with Pennsylvania Rules of Criminal Procedure 462(F).[4]

Trial Court Order, Record at 10.

---

Storage and Containers – Condition of Containers), 619.05 (Materials Not Collected by the City), and 619.08A & B (Provide Waste and Recycling Requirements to Tenants; Acknowledgements of Requirements).  *See* Trial Court Record (Record) at 3-4 & 8.

[3] Record page citations herein refer to the Record's digital pagination.

[4] Pennsylvania Rule of Criminal Procedure 462(F) instructs:  "If the defendant has petitioned the trial judge to permit the taking of an appeal *nunc pro tunc* and this petition is denied, the trial judge shall enter judgment in the court of common pleas on the judgment of the issuing authority."  Pa.R.Crim.P. 462(F).

Appellant timely appealed from the Trial Court Order. *See* Record at 13-19. The Trial Court ordered Appellant to file a concise statement of errors complained of on appeal, and Appellant timely complied. *See* Order of Court, Record at 20-21; Concise Statement of the Errors Complained of on the Appeal (Concise Statement), Record at 22-28. The matter now comes before this Court for disposition.

Initially, we observe that an appeal *nunc pro tunc* is a recognized exception to the general rule prohibiting extension of an appeal deadline. *See Martin v. Zoning Hearing Bd. of W. Vincent*, 230 A.3d 540, 547 (Pa. Cmwlth. 2020). *Nunc pro tunc* relief is "a remedy to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances." *Id*. It may be granted where an appellant shows "fraud or a breakdown in the court's operations." *Id*. A breakdown in the court's operations occurs where the court or one of its officers or staff is "negligent, acts improperly or unintentionally misleads a party." *Id*. An appeal *nunc pro tunc* may also be granted if the appellant shows that the delay in filing the appeal was not due to his own negligence. *See Borough of Duncansville v. Beard*, 919 A.2d 327, 330 (Pa. Cmwlth. 2007). Specifically, "[t]he exception for allowance of an appeal *nunc pro tunc* in non-negligent circumstances is meant to apply only in unique and compelling cases in which the appellant has clearly established that [he] attempted to file an appeal, but unforeseeable and unavoidable events precluded [him] from actually doing so." *Criss v. Wise*, 781 A.2d 1156, 1160 (Pa. 2011). An appellant seeking to appeal *nunc pro tunc* also has the burden of proving that: "(1) he filed the appeal within a short time after learning of and having an opportunity to address the untimeliness; (2) the elapsed period of time is of short

3

duration; and (3) the respondent is not prejudiced by the delay." *R.H. v. Dep't of Hum. Servs.*, 205 A.3d 410, 414 (Pa. Cmwlth. 2019).

Further, as our sister court, the Superior Court of Pennsylvania,[5] has observed:

> When the trial court issues an order reinstating an appellant's appeal rights, the appellant must file the appeal within 30 days of the order reinstating the appeal rights.[3] To permit an appellant to file the appeal more than thirty days after the reinstatement would put the appellant in a better position than he would have been absent [the appellant's] failure to file a timely direct appeal.
>
> > [3] *See* Pa.R.A.P. 903(a) (Except as otherwise prescribed by this rule, the notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken).
>
> Further, the term *nunc pro tunc* means "now for then." *See* Black's Law Dictionary, at 1069, (Sixth Edition 1990). It is "a phrase applied to acts allowed to be done after the time when they should be done, with a retroactive effect, *i.e.,* with the same effect as if regularly done." *Id.* Thus, reinstatement of direct appeal rights *nunc pro tunc* denotes that the appellant now has the same direct appeal rights as he would have had in the beginning. Since in the beginning an appellant ordinarily must file his direct appeal within thirty days of the date of imposition of sentence (or the date of entry of the order disposing post-sentence motions),[4] it is logical and fair to apply the same thirty-day rule when an appellant's direct appeal rights are restored *nunc pro tunc.*

[5] While not binding on this Court, decisions of the Superior Court of Pennsylvania may provide persuasive authority where they address analogous issues. *See Young v. City of Scranton*, 291 A.3d 1245, 1251 n.11 (Pa. Cmwlth. 2023); *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

*Commonwealth v. Wright*, 846 A.2d 730, 734-35 (Pa. Super. 2004).

Here, the magisterial district court entered the Summary Convictions on June 27, 2024. Appellant did not timely appeal the Summary Convictions, but instead filed the NPT Petition on September 4, 2024. The Trial Court granted the NPT Petition on September 10, 2024, with an order that specifically provided Appellant 30 days to perfect an appeal of the Summary Convictions. When Appellant still had not filed an appeal of the Summary Convictions by October 29, 2024, the Trial Court dismissed the appeal and entered judgment on the Summary Convictions. The Trial Court explained its dismissal of the appeal of the Summary Convictions thusly: "Since an appellant must ordinarily file his direct appeal within 30 days of the date of the order or sentence that he is appealing, it is logical and fair to apply the same 30-day rule when his direct appeal rights are restored *nunc pro tunc*." Trial Court Opinion filed December 30, 2024 (Trial Court Opinion) at 1 (citing *Wright*, 846 A.2d at 734-35).

We find no abuse of discretion or legal error in the Trial Court's determination. Appellant failed to timely file an appeal of the Summary Convictions following the Trial Court's grant of *nunc pro tunc* relief. The NPT Petition offers no justification for Appellant's late filing of his appeals from the Summary Convictions. In his brief to this Court, Appellant provides no reason or excuse for his failure to perfect his appeal of the Summary Convictions beyond his own confusion with the process. *See* Appellant's Br. at 4-5. Appellant explained in his brief:

> Because I am very confused about the process, I did not
> appealed [sic] the cases in 30 days, and the cases SA-1149

5

and SA-1150 were dismissed. In 2022, I just wrote a letter to Judge Flaherty and the [C]ity [of Pittsburgh (City)] withdrawn [sic] all of the cases. This year, the [C]ity sent me to the courts again for almost the same [C]ode violations, and I wrote a letter again to Judge Flaherty, and expected the [C]ity would withdraw the cases, but it only withdrew some of the cases. I did not know that I needed to file an appeal during that time.

Appellant's Br. at 4-5. In his reply brief, Appellant continued:

Why didn't I file an [a]ppeal? Because I am very confused about the process. In 2023, I was fined by the [C]ity and I sent a letter to Judge (see attached one) and the [C]ity withdraws all of the cases. In 2024, I sent a similar letter to Judge Flaherty (see attached two) and the [C]ity withdraw [sic] all of the cases except [B]aldwin and [M]irror properties. I expected the [C]ity will withdraw all the cases this year, that is why I did not file an [A]ppeal. Not I do not want to file, just do not understand the process.

Appellant's Reply Br. at 2-3.

Appellant's explanation does not provide an adequate excuse for Appellant's failure to timely file his appeals of the Summary Convictions by illustrating fraud or a breakdown in the court's operations or non-negligent actions on Appellant's part. Appellant's explanation instead illustrates his own negligence in failing to read and understand the appeal deadline provided in the NPT Order, which explanation does not support *nunc pro tunc* relief. *See DiBello v. Unemployment Comp. Bd. of Rev.*, 197 A.3d 819, 822 (Pa. Cmwlth. 2018) (holding that a claimant was not entitled to *nunc pro tunc* relief where her failure to file a timely appeal resulted from her own negligence of failing to carefully read a notice); *see also Savage v. Unemployment Comp. Bd. of Rev.*, 491 A.2d 947, 949-50 (Pa.

6

Cmwlth. 1985) (noting that failure to understand a notice represents negligence on the part of claimant who received notification); *Finney v. Unemployment Comp. Bd. of Rev.*, 472 A.2d 752, 753 & n.2 (Pa. Cmwlth. 1984) (declining to excuse a late appeal based on the claimant's statement that he "didn't realize about the letter in the mail" denying his application for benefits and providing appeal information); *Anderson v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 932 C.D. 2021, filed August 29, 2022),[6] slip op. at 7-8 (declining to excuse a late appeal where the claimant stated that she did not timely appeal the notices at issue because she did not "understand this stuff"); *Bergamasco v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 1401 C.D. 2019, filed August 24, 2020), slip op. at 5 & 10-11 (declining to excuse a late appeal where the claimant stated that he did not timely appeal the notices at issue because he "got confused somehow" and "didn't understand exactly what was needed in what time"). Likewise, the continued explanation contained in Appellant's reply brief illustrates only Appellant's own confusion about the process and reliance on his own incorrect expectations regarding the disposition of the Summary Convictions.

The NPT Order explicitly and specifically explained that Appellant had 30 days to perfect his appeal following the Trial Court's grant of *nunc pro tunc* relief. *See* NPT Order, Record at 2. As discussed *supra*, to allow more time than the allotted 30 days would have impermissibly expanded Appellant's *nunc pro tunc* appeal rights beyond his original appeal rights. *See Wright*, 846 A.2d at 734-35. Appellant's failure to read or understand the requirement contained in the NPT Order

---

[6] Pursuant to Commonwealth Court Internal Operating Procedure Section 414(a), 210 Pa. Code § 69.414(a), unreported panel decisions of this Court issued after January 15, 2008, may be cited for their persuasive value.

does not illustrate fraud or a breakdown in the court's operations. As such, the Trial Court did not err by dismissing Appellant's summary appeal and entering judgment on the underlying Summary Convictions.[7]

For these reasons, we affirm the Trial Court Order.[8]

---

[7] To the extent Appellant contends in his Concise Statement that he filed his appeals from the Summary Convictions late because he did not receive the judgments on time, the Concise Statement offers no specifics about when Appellant received the judgments or how they were late. *See* Record at 16. Further, Appellant offers no argument in support of this claim in either his principal brief or his reply brief to this Court. *See* Appellant's Br. & Appellant's Reply Br. Accordingly, Appellant has waived this claim. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."); *Berner v. Montour Twp.*, 120 A.3d 433, 437 n.6 (Pa. Cmwlth. 2015) (ruling that a party's failure to sufficiently develop an issue in a brief constitutes waiver of the issue); *see also* Pa.R.A.P. 2119(a).

[8] Because we determine that the Trial Court did not err by dismissing Appellant's appeal based on his failure to timely file an appeal within 30 days of the Trial Court's grant of *nunc pro tunc* relief, we need not examine Appellant's claims of substantive Trial Court error regarding the Summary Convictions.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania    :
                                :
            v.                  :
                                :
Bin Guo,                        :    No. 1564 C.D. 2024
            Appellant           :

**PER CURIAM**                  **O R D E R**


AND NOW, this 7th day of April, 2026, the October 29, 2024 order of the Court of Common Pleas of Allegheny County is AFFIRMED.